UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY HAYES,

    Petitioner,

v.                                  Case No: 2:16-cv-532-FtM-29CM
                                   Case No. 2:08-CR-155-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #45)[1] filed on July 1, 2016. The government filed a Response (Cv. Doc. #9) on September 6, 2016.

**I.**

On October 8, 2008, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with possession with intent to distribute 100 grams or more of heroin. On January 6, 2009, petitioner appeared before the Magistrate Judge and entered a plea of guilty as to Count One,

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

pursuant to a Plea Agreement (Cr. Doc. #18). (Cr. Doc. #22.) The plea was accepted and petitioner was adjudicated guilty. (Cr. Doc. #24.) On January 21, 2009, the government and counsel for petitioner filed a Notice of Parties Recommended Sentence Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (Cr. Doc. #25). On January 30, 2009, the Court entered an Order (Cr. Doc. #26) rejecting the portion of the Plea Agreement providing for an agreed-upon sentence and allowing petitioner the opportunity to withdraw his plea of guilty. On February 4, 2009, petitioner filed a Notice of Intent to Maintain Plea of Guilty (Cr. Doc. #28).

On April 13, 2009, the Court sentenced petitioner to a term of imprisonment of 188 months, followed by a term of supervised release. (Cr. Doc. #31.) Judgment (Cr. Doc. #32) was filed on April 16, 2009. On June 11, 2014, petitioner filed a *pro se* Notice of Appeal (Cr. Doc. #36), however the appeal was dismissed for failure to prosecute on August 1, 2014 (Cr. Doc. #38).

Subsequently, on December 10, 2014, petitioner sought the retroactive application of Amendment 782 of the United Sentencing Guidelines to his sentence pursuant to 18 U.S.C. § 3582(c)(2), and the Court appointed counsel to review petitioner's eligibility. (Cr. Docs. ## 39, 40.) On April 7, 2016, after notice of a determination that a motion would not be filed on behalf of petitioner because he was sentenced as a career offender and not

based on the drug quantity table in U.S. Sentencing Guidelines Manual § 2D1.1(c), the Court relieved the Federal Public Defender as counsel of record. (Cr. Doc. #44.) On August 11, 2016, the Court denied petitioner's *pro se* motion for application of Amendment 782 finding that he was not eligible. (Cr. Doc. #48.)

**II.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, the Eleventh Circuit dismissed the appeal on August 1, 2014, and petitioner did not seek certiorari review. Under Section 2255(f)(1), petitioner had one year from his conviction becoming final, or until on or before November 2, 2015, to file his § 2255 motion. 28 U.S.C. § 2255(f);

Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (a petitioner "gets the benefit of up to 90 days between the entry of judgment on direct appeal and the expiration of the certiorari period."). Giving petitioner the benefit of the mailbox rule[1], his motion under § 2255 was signed and executed for filing on June 25, 2016. Since this date is more than 6 months after the November 2, 2015 deadline, the motion is due to be dismissed as untimely.

Petitioner raises only one ground in his § 2255 motion, and has filed it pursuant to Section 2255(f)(3) based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and its retroactive application by Welch v. United States, 136 S. Ct. 1257 (2016) to collateral review. In Johnson, the United States Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. If Johnson applies to reduce petitioner's sentence, and the motion is not a successive petition, petitioner's motion would be timely filed by the deadline of June 26, 2016. In re Robinson, 822 F.3d 1196, 1198 (11th Cir. 2016) (Martin, J., concurring).

## III.

Petitioner's Base Offense Level was a 26 based on the quantity of heroin involved, but petitioner's sentence was enhanced under

---

[1] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

the career offender provisions of U.S. Sentencing Guidelines Manual § 4B1.1.  Petitioner was 34 when he committed the instant offense, it involves a controlled substance, and petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance.[2]  After an adjustment for acceptance of responsibility, and applying the higher career offender offense level, the resulting Enhanced Offense Level was a 31.  As a Criminal History Category VI, the applicable guideline range was 188 months to 235 months.  After consideration the advisory recommendations of the U.S. Sentencing Guidelines, and all the factors identified in 18 U.S.C. § 3553(a)(1)-(7), the Court found that a sentence at the low end of the guideline range of 188 months of imprisonment was sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

On March 6, 2017, the United States Supreme Court affirmed the Eleventh Circuit in Beckles v. United States, 137 S. Ct. 886 (2017), and determined that the Sentencing Guidelines are not subject to the constitutional challenge for vagueness raised in Johnson.  Since petitioner's sentence was enhanced under the

---

[2] Specifically, petitioner's priors included: (1) two counts of attempted second degree murder, and shooting or throwing a deadly missile into a building or vehicle in Dade County; (2) possession with intent to sell or deliver cocaine, and possession with intent to sell or deliver cannabis in Dade County; and (3) three counts of possession of heroin with intent to sell, manufacture or deliver within 1,000 feet of a school in Dade County. (Cr. Doc. #41, p. 12, ¶ 24.)

Sentencing Guidelines and not enhanced under the ACCA, Johnson does not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final, and petitioner's motion is also time-barred under Section 2255(f)(3).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #45) is **DISMISSED** as time-barred.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve

encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA